### RUFUS WRIGHT v. THE STATE.

*No. 915.    Decided January 22nd, 1896.*

**1.  Sodomy—Indictment.**

See an indictment for sodomy. Held: Sufficient.

**2.  Indictment—Presentment in Court.**

As to the presentment of an indictment into court, it is sufficient if the averments allege definitely that the indictment was the act of a grand jury of the proper county,

and that it was presented in the District Court of the county where that grand jury is in session.

**3.   Exceptions to Evidence—Practice on Appeal.**

Where no exceptions were reserved to the admission of evidence, supposed errors in relation thereto will not be revised on appeal.

**4.   Conflicting Evidence—Practice on Appeal.**

Where the evidence is conflicting, the court, on appeal, will not reverse, if there be sufficient evidence to support the verdict.

APPEAL from the District Court of McLennan.   Tried below before Hon. S. R. SCOTT.

This appeal is from a conviction for sodomy, the punishment being assessed at five years' imprisonment in the penitentiary.

The indictment is as follows:   "In the name and by the authority of the State of Texas:   The grand jurors, good and lawful men, of the State of Texas and of the County of McLennan, duly and legally tried on oath by the judge of the Fifty-fourth Judicial District of Texas, holding session of the District Court in and for McLennan County, touching their qualifications as grand jurors, duly elected, empaneled, sworn and charged to diligently inquire into and true presentment make of all offenses against the penal laws of the State of Texas, committed within the body of the county aforesaid, in session in said county, upon their oaths in said District Court of said McLennan County, in open court present that on or about the 5th day of August, in the year of our Lord, eighteen hundred and ninety-five, and before the presentment hereof, with force and arms in the county and State aforesaid, Rufus Wright did then and there unlawfully and against the order of nature, have a venereal affair with a beast, to-wit: a mule, and carnally knew the said mule, and then and there and thereby did commit against the order of nature, the abominable and detestible crime of sodomy, against the peace and dignity of the State."

A motion was made to quash the indictment: (1) Because it does not appear therefrom, that an offense against the law is committed by defendant. (2) Because it fails to state at what term of court the grand jurors were organized, or that the indictment was presented (or returned) at the same term in which said grand jurors were organized. This motion was overruled.

No further statement necessary.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of sodomy.   The motion to quash the indictment was based upon two grounds, to-wit: "It does not appear that an offense against the law is committed by defendant," and "it fails to state the term of said court at which the grand jury was organized, or that it was presented at the same term in which the grand jury was organizedd."   We think there is no merit in either contention.   The indictment, as to its substance, charges the offense in

the usual and ordinary form, and the appellant points out no supposed particular defect. The formal part of the indictment avers the court was then in session for the Fifty-fourth Judicial District, and that it was presented, into that court, in open court, and it does allege it to be the act of the grand jury of McLennan County, and the minutes show it was presented in open court, on the 19th day of September, 1895. It certainly is sufficient if the averments allege, definitely, that the indictment was the act of a grand jury of the proper county, and that it was presented in the District Court of the county where that grand jury is in session. This is done in this indictment. No exceptions were reserved to the admission of evidence. Therefore, errors supposed to have been committed by such rulings will not be revised. There was a direct conflict in the evidence. If the State's evidence be true, as testified by the eye-witness, the appellant is guilty. This was denied by appellant in his testimony. The jury credited the State's evidence. We are not authorized to disturb the verdict under such state of case. The judgment is affirmed.

*Affirmed.*